UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE STILP,<br>             Plaintiff,<br><br>v.<br><br>CITY OF SUNBURY,<br>             Defendant. | No.<br><br>JURY TRIAL OF 12 DEMANDED |

COMPLAINT

NOW COMES Plaintiff, Gene Stilp, by and through his undersigned counsel, who hereby submits this Complaint to challenge the Borough of Sunbury's ban on burning in all public places in violation of his First Amendment right to burn political flags as a form of political protest.

PARTIES

1. Plaintiff is Gene Stilp ("Stilp"), an adult individual.

2. Defendant City of Sunbury is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 225 Market Street, Sunbury, Northumberland County, PA 17801.

JURISDICTION AND VENUE

3. Jurisdiction is founded upon 28 U.S.C. §1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1), because the City of Sunbury is located in the Middle District of Pennsylvania.

5. Plaintiff seeks equitable and legal relief.

FACTS

6. The allegations of the foregoing paragraphs are incorporated herein by reference.

1

7. Stilp is a prominent political activist in Pennsylvania who frequently publicly protests political corruption and racial injustice.

8. Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

9. As part of such protests, Stilp has often burned flags bearing images and slogans supporting the reelection of Donald J. Trump as President of the United States.

10. Among other flags, Stilp typically burns Trump-Nazi flag which consisted of a Trump flag on one side and a Nazi flag on the other side ("Trump Protest Flag"). Stilp has also burned a Trump flag on one side with a confederate flag on the other side.

11. Stilp does not burn American flags.

12. Prior to September 9, 2020, Stilp emailed a request for approval to the Northumberland County Commissioner's Office.

13. On September 9, 2020, Stilp informed the Northumberland County Sheriff's Office of his intentions then Stilp held a protest on the sidewalk outside the Northumberland County Courthouse ("the Courthouse") where he burned a Trump-Nazi flag which consisted of a Trump flag on one side and a Nazi flag on the other side ("Trump Protest Flag").

14. The area in front of the Courthouse is open to the public and is a public forum.

15. Stilp's intended purpose in burning the Trump Protest Flag was to publicly oppose policies of the Trump Administration and Trump reelection campaign which Stilp asserts are racist and not beneficial for children.

16. On September 9, 2020, Stilp appeared at the permitted location and, after informing a Deputy with the Northumberland County Sheriff's Office of his intentions, burned the Trump

2

Protest Flag in a steel trash can.

17. At such time, Chief Bradley Hare of the Sunbury Police Department ("Hare") cited Stilp under the City of Sunbury's Open Burning Ordinance ("Burn Ordinance"), LO §53-11(G).

18. The Burn Ordinance states in relevant part the following,

§53-11(G). **Opening burning regulations.**

The burning of yard waste, leaves, brush, vines, evergreen needles, branches smaller than three inches in diameter, treated lumber, garbage, paper products or anything other than firewood as set forth herein is prohibited.

§53-12(B). **Enforcement.**

Any person, firm, or corporation violating any of the provisions of this section, shall be liable to a fine not exceeding the sum of $300, or to imprisonment not exceeding 30 days, or both.

A copy of the relevant sections of the Burn Ordinance are attached as "Exhibit A."

19. Stilp pled not guilty to the charges and by order dated April 29, 2021, was found not guilty after a full summary trial at the Northumberland County Court of Common Pleas.

20. During the summary trial, representatives of the City of Sunbury acknowledged that certain groups, such as the Boy Scouts, are permitted to burn American flags as part of flag retirement ceremonies. These events are assisted by the police, who even set aside parks for such purposes.

21. The Burn ordinance is unconstitutional as applied because it was actually enforced against Stilp. This chills the exercise of Stilp's First Amendment right to freedom of expression.

22. The City of Sunbury has applied the Burn Ordinance unevenly by prosecuting only a disapproved speaker like Stilp, while allowing approved speakers such as the Boy Scouts the opportunity to burn flags.

23. Because of the actual and threatened enforcement of the Burn Ordinance against him, Stilp reasonably believes that conducting further protests involving flag burning in public places within

the City of Sunbury will result in citations.

24. Stilp desires to hold one or more additional flag burning protests within the City of Sunbury, including both on courthouse grounds and in public areas of the city.

25. Stilp has no adequate remedy at law for prospective enforcement of the Burn Ordinance against him.

26. Stilp has no adequate remedy at law for prospective enforcement of the Burn Ordinance against him.

27. Stilp had to hire counsel for the defense of his summary citations at his own expense.

### FIRST CAUSE OF ACTION
**Violation of Right to Free Speech (As Applied Challenge)**
**U.S. Const. amend. I; 42 U.S.C. §1983**

28. The averments of the foregoing paragraphs are incorporated herein by reference.

29. Defendant has both applied and threatened to apply the Burn Ordinance in violation of Stilp's right to free speech under the First Amendment.

30. Defendant has both applied and threatened to apply the Burn Ordinance to Stilp in an arbitrary and capricious manner.

31. The Burning Ordinance provides no exception to open burning of flags in the City of Sunbury.  Other groups, however, such as the Boy Scouts, have conducted flag burning in the City of Sunbury.

32. The government aids the Boy Scouts in violating the Burn Ordinance by giving a permission not contemplated in the statute nor available to Stilp but punishes Stilp for burning exactly the same materials in exactly the same sort of public event.

33. Stilp is in reasonable fear of prosecution under the Burn Ordinance if he would again attempt to burn political flags as expressive conduct, because he was issued a summary citation

for burning political flags on September 9, 2020.

   **WHEREFORE,** Plaintiff Gene Stilp prays the Court to:

     a. DECLARE the Ordinance UNCONSTITUTIONAL AS APPLIED under the First Amendment;

     b. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the City of Sunbury against political protest; and

     c. AWARD attorneys' fees pursuant to 42 U.S.C. §1988, costs of suit and such other relief as is just and equitable

### SECOND CAUSE OF ACTION
**Violation of Right to Free Speech (Wrongful Prosecution)**
**U.S. Const. amend. I; 42 U.S.C. §1983**

34. The averments of the foregoing paragraphs are incorporated herein by reference.

35. Defendant may not, through its police and prosecutors, choose when to apply and enforce the Burn Ordinance.

36. Officer Hare used the citation as a punishment to specifically curb Stilp's speech, provided that Hare allows the Boy Scouts to participate in flag burning in the City of Sunbury but not Stilp as an individual.

37. Stilp is in reasonable fear of prosecution under the Burn Ordinance if he would again attempt to burn political flags as expressive conduct, because he was issued a summary citation for burning political flags on September 9, 2020.

   **WHEREFORE,** Plaintiff Gene Stilp prays the Court to:

     a. DECLARE the Ordinance UNCONSTITUTIONAL AS APPLIED under the First Amendment;

     b. PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the

City of Sunbury; and

   c. AWARD attorneys' fees pursuant to 42 U.S.C. §1988, costs of suit and such other relief as is just and equitable.

**THIRD CAUSE OF ACTION**
**Violation of Right to Free Speech (Damages)**
**U.S. Const. amend. I; 42 U.S.C. §1983**

38. The averments of the foregoing paragraphs are incorporated herein by reference.

39. Stilp's First Amendment right to free speech and expression have been suppressed and violated by virtue of the Burn Ordinance, an official ordinance of the City of Sunbury.

40. As a direct and proximate result of such suppression of Stilp's First Amendment right to free speech and expression, Stilp has suffered damages for which he must be compensated.

  **WHEREFORE,** Plaintiff Gene Stilp prays the Court to ENTER JUDGMENT in his favor and against the City of Sunbury for nominal and compensatory damages for the actual suppression of Stilp's First Amendment rights under the City's Burn Ordinance, attorney's fees pursuant to 42 U.S.C. §1988, costs of suit and such other relief as is just and equitable.

       Respectfully submitted,

       **CORNERSTONE LAW FIRM, LLC**

Dated: <u>January 24, 2022</u>  By: */s/ Joel A. Ready*
       Joel A. Ready, Esquire
       Attorney I.D. #321966
       8500 Allentown Pike, Suite 3
       Blandon, PA 19510
       (610) 926-7875
       joel@cornerstonelaw.us
       *Counsel for Plaintiff*